**ORIGINAL**

Don C. Burns, SBN 135206
Mark A. Bush, SBN 147984
BURNS & BUSH
3550 Camino del Rio North, Suite 202
San Diego, California 92108
Tel: (619) 466-3529
Fax: (619) 624-0098

Attorneys for Defendants

FILED
00 AUG 30 AM 9:05
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

98-8792

| | |
|---|---|
| ELAINE M. MORICI, | CASE NO. 00-901516-AD-M7 |
| Plaintiffs, | |
| v. | **ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY AND FRAUD** |
| ROBERT L. GORDON, an individual, DAVID J. RAUSA, an individual, and ROBERT L. GORDON, dba GORDON and ASSOCIATES, and DOES 1 THROUGH 50, | |
| Defendants. | |

COMES NOW defendants, ROBERT L. GORDON, DAVID J. RAUSA, ROBERT GORDON, dba GORDON AND ASSOCIATES., and answer plaintiff's complaint as follows:

1.  Defendants admit the allegations contained in paragraph 1 of plaintiff's complaint.

2.  Defendants admit they are attorneys duly licensed to practice law in the State of California.

3.  Defendants admit Gordon & Associates is a business organization with its place of business in San Diego, California, but deny each and every other material allegation of paragraph 3 of plaintiff's complaint.

Case No. 00-901516-AD-M7

1     4.     Defendants deny each and every allegation contained in paragraph 4 of
2 plaintiff's complaint.

3     5.     Defendants deny each and every allegation contained in paragraph 5 of
4 plaintiff's complaint.

5     6.     Defendants deny each and every allegation contained in paragraph 6 of
6 plaintiff's complaint.

7     7.     Defendants admit they were retained by plaintiff to provide legal
8 representation, but deny each and every other material allegation of paragraph 7 of
9 plaintiff's complaint.

10     8.     Defendants admit they owed a duty to provide competent legal services, but
11 deny each and every other material allegation of paragraph 8 of plaintiff's complaint.

12     9.     Defendants admit the allegations contained in paragraph 9 of plaintiff's
13 complaint.

14     10.     Defendants deny each and every material allegation contained in paragraph
15 10 of plaintiff's complaint.

16     11.     Defendants deny each and every allegation contained in paragraph 11 of
17 plaintiff's complaint.

18     12.     Defendants deny each and every allegation contained in paragraph 12 of
19 plaintiff's complaint.

20     13.     Defendants deny each and every allegation contained in paragraph 13 of
21 plaintiff's complaint.

22     14.     Defendants deny each and every allegation contained in paragraph 14 of
23 plaintiff's complaint.

24     15.     Defendants deny each and every allegation contained in paragraph 15 of
25 plaintiff's complaint.

26     16.     Defendants deny each and every allegation contained in paragraph 16 of
27 plaintiff's complaint.

28     17.     Defendants deny each and every allegation contained in paragraph 17 of

1 | plaintiff's complaint.

2 |     18.    Defendants deny each and every allegation contained in paragraph 18 of
3 | plaintiff's complaint.

4 |     19.    Defendants deny each and every allegation contained in paragraph 19 of
5 | plaintiff's complaint.

6 |     20.    Defendants deny each and every allegation contained in paragraph 20 of
7 | plaintiff's complaint.

8 |     21.    Defendants deny each and every allegation contained in paragraph 21 of
9 | plaintiff's complaint.

10 |     22.    Defendants deny each and every allegation contained in paragraph 22 of
11 | plaintiff's complaint.

12 |     23.    Defendants deny each and every allegation contained in paragraph 23 of
13 | plaintiff's complaint.

14 |     24.    Defendants deny each and every allegation contained in paragraph 24 of
15 | plaintiff's complaint.

16 |     25.    Defendants deny each and every allegation contained in paragraph 25 of
17 | plaintiff's complaint.

18 |     26.    Defendants deny each and every allegation contained in paragraph 26 of
19 | plaintiff's complaint.

20 |     27.    Defendants deny each and every allegation contained in paragraph 27 of
21 | plaintiff's complaint.

22 |     28.    Defendants deny each and every allegation contained in paragraph 28 of
23 | plaintiff's complaint.

24 |     29.    Defendants deny each and every allegation contained in paragraph 29 of
25 | plaintiff's complaint.

26 |     30.    Defendants deny each and every allegation contained in paragraph 30 of
27 | plaintiff's complaint.

28 |     31.    Defendants deny each and every allegation contained in paragraph 31 of

**Case No. 00-901516-AD-M7**

1 | plaintiff's complaint.

2 |     32.    Defendants deny each and every allegation contained in paragraph 32 of
3 | plaintiff's complaint.

4 |     33.    Defendants deny each and every allegation contained in paragraph 33 of
5 | plaintiff's complaint.

6 |     34.    Defendants deny each and every allegation contained in paragraph 34 of
7 | plaintiff's complaint.

8 |     35.    Defendants deny each and every allegation contained in paragraph 35 of
9 | plaintiff's complaint.

10 |     36.    Defendants deny each and every allegation contained in paragraph 36 of
11 | plaintiff's complaint.

12 |     37.    Further answering the allegations of plaintiff's complaint, these answering
13 | defendants specifically deny that the plaintiff has sustained any injury loss or damage in
14 | the amount alleged, or at all, as a direct and proximate result of any act or omission on the
15 | part of these answering defendants.

**FOR A FIRST AFFIRMATIVE DEFENSE,**

**DEFENDANTS ALLEGE:**

18 |     38.    That any injury, loss or damage purportedly sustained, if at all, by the
19 | plaintiff, was directly and proximate caused by the negligence of the plaintiff, and any
20 | damages awarded to the plaintiff shall be reduced in proportion to the amount of
21 | negligence attributable to the plaintiff.

**FOR A SECOND AFFIRMATIVE DEFENSE,**

**DEFENDANTS ALLEGE:**

24 |     39.    That the liability of the persons ultimately determined to be responsible for
25 | plaintiff's injuries and losses, if any, including the plaintiff, shall be compared, and the
26 | damages, if any, awarded to plaintiff shall be apportioned accordingly.

27 | . . .

28 | . . .

Case No. 00-901516-AD-M7

- 4 -

### FOR A THIRD AFFIRMATIVE DEFENSE,

### DEFENDANTS ALLEGE:

40. That the incident described in plaintiff's complaint, as well as the injuries, losses and damages allegedly sustained by plaintiff, were proximately caused by intervening and superseding causes and forces which were beyond the control of these answering defendants and which in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by these answering defendants.

### FOR A FOURTH AFFIRMATIVE DEFENSE,

### DEFENDANTS ALLEGE:

41. That the plaintiff's complaint, and each and every cause of action contained therein, is barred by the appropriate applicable statute of limitations including the provision of Section 340.6 of the Code of Civil Procedure,

### FOR A FIFTH AFFIRMATIVE DEFENSE,

### DEFENDANTS ALLEGE:

42. That the complaint and each cause of action therein, do not state facts sufficient to constitute any cause of action.

### FOR A SIXTH AFFIRMATIVE DEFENSE,

### DEFENDANTS ALLEGE:

43. That at or about the time, date and place alleged in the complaint, plaintiff and other persons or parties failed to exercise ordinary care, and such failure was a contributing cause of the injuries alleged in said complaint and the trier of fact is requested to determine the existence os such negligence and the degree that such negligence contributed to the injuries.

### FOR A SEVENTH AFFIRMATIVE DEFENSE,

### DEFENDANTS ALLEGE:

44. That each and every cause of action contained in plaintiff's complaint is barred by the doctrine of laches.

. . .

Case No. 00-901516-AD-M7

## FOR AN EIGHT AFFIRMATIVE DEFENSE,

## DEFENDANTS ALLEGE:

45.   That all the actions taken by defendants in their representation of plaintiff were so performed with the express and implied consent of plaintiff.

WHEREFORE, these answering defendants pray that plaintiff take nothing by way of her complaint on file against these answering defendants; that these answering defendants be dismissed with costs of suit incurred herein; that plaintiff's recovery against these answering defendants, if any, be diminished by an amount equal to the degree of negligence and/or fault attributable to plaintiff or any other defendants herein; and that the court grant such other and further relief as it deems just and proper.

DATED: August 29, 2000                                   BURNS & BUSH

By: *[signature]*
Mark A. Bush
Attorney for Defendants,
ROBERT L. GORDON, DAVID J. RAUSA
and ROBERT L. GORDON dba
GORDON AND ASSOCIATES

Case No. 00-901516-AD-M7

**ORIGINAL**

| | UNITED STATES BANKRUPTCY<br>SOUTHERN DISTRICT OF CALIFORNIA | | | |
|---|---|---|---|---|
| Plaintiff(s): | Elaine Morici | | FILED | |
| Defendants: | Robert L. Gordon, et al. | | 00 AUG 30 AM 9:05<br>CLERK<br>U.S. BANKRUPTCY CT.<br>SO. DIST. OF CA | 98-8792 |
| Attorneys for: Plaintiff(s) | Date: | Time: | Dept: | Case No. 00-901516-AD-M7 |

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3550 Camino Del Rio North, Suite 202, San Diego, California 92108.

On August 29, 2000, I served the foregoing documents described as **ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY AND FRAUD** on all interested parties in this action:

[XX]  by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

**NUGENT & NEWNHAN, APC**
Patrick M. Smith, Esq.
Matthew C. Kilman, Esq.
1010 Second Avenue, Suite 2200
San Diego, CA  92101
(619)  236-1323
**Attorneys for Plaintiff, Elaine Morici**

[XX]  BY MAIL: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  BY FACSIMILE: As follows: I transmitted via facsimile the above listed document(s) to the fax number(s) set forth below on this date before 5:00 p.m.

The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

[ ]  BY PERSONAL SERVICE: As follows: I caused personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth above.

[XX]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 29, 2000, at San Diego, California.

_____
GLORIA CASILLAS