```
NUGENT & NEWNHAM, APC                    FILED
Patrick M. Smith, Esq. (SB#135033)
Matthew C. Kilman, Esq. (SB #149357)     00 SEP 29 AM 3:42
1010 Second Avenue, Suite 2200
San Diego, California 92101                  CLERK
Telephone: (619) 236-1323                U.S. BANKRUPTCY CT.
                                         SO. DIST. OF CALIF.
```

Attorneys for Plaintiff ELAINE M. MORICI

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA   98-8792

| | |
|---|---|
| ELAINE M. MORICI, | CASE NO. 00-90516-AD-M7 |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN <u>REPLY</u> TO OPPOSITION TO MOTION TO ABSTAIN AND REMAND STATE COURT ACTION |
| v. | |
| ROBERT L. GORDON, an individual, DAVID J. RAUSA, an individual, and ROBERT L. GORDON, dba GORDON AND ASSOCIATES, and DOES 1 through 50, inclusive. | Date: October 5, 2000<br>Time: 11:00 a.m.<br>Dept: One<br>Judge: James W. Meyers |
| Defendants. | |

Plaintiff, ELAINE M. MORICI, respectfully submits the following memorandum of points and authorities in <u>reply</u> to Defendants' opposition to her motion to abstain and to remand this action to State Court.

I.

**THE COURT SHOULD ABSTAIN AND REMAND THIS ACTION**

Defendants, who bear the burden of proof in the determination of this remand, have not met their burden and have not shown that equity dictates the denial of abstention and remand. [See: <u>Arroyo v. Wilson</u> 2 Cal.Bankr.Ct.Rep. 44; also see: <u>State ex. rel. Roberts v. Mushroom King, Inc.</u> 77 B.R. 813, 816, 818].

It remains undisputed that "[a] clear congressional policy exists to give state law claimants a right to have claims heard in state court." [<u>Piombo Corporation v. Castlerock Properties (In re</u>



Castlerock Properties), 781 F.2d 159, 163 (9th Cir. 1986); see also In re Rarick, 132 B.R. 47, 49.] Thus, if grounds for abstention under 28 U.S.C. § 1334(c) are present, remand is appropriate. [See In re Warren, 125 B.R. 128, 130-131; see also Federal National Mortgage Assoc. v. Rockafellow (In re Taylor), 115 B.R. 498 (E.D. Pa. 1990).] Any doubts concerning the propriety of removal must be resolved in favor of remand and state court jurisdiction. [See: Borne v. New Orleans Health Care, Inc. 116 B.R. 487, 489 (E.D.La. 1990).]

As has been shown by Plaintiff, each of the elements of mandatory and permissive abstention are present here and require the Court's abstention and remand of the action back to State court.

### A. Prejudice to Involuntarily Removed Party

Defendants argue in their opposition that Plaintiff will not suffer prejudice if the case is tried in Bankruptcy court. Defendants are incorrect. If this case is not remanded back to State court, Plaintiff will suffer substantial prejudice in that she will be deprived of her choice of forum.

Even in In Re Simmons 205 B.R. 834, at 847 (W.D. Texas 1997), a case cited by Defendants, the Court recognized the importance and fundamental nature of a party's choice of forum. Unlike the facts of the present case, in Simmons, it was the debtor who had chosen to file an adversary proceeding in bankruptcy court against his former attorneys, and it was the defendant attorneys who had moved for abstention and remand. It was in *this* context that the Simmons court noted that abstention, in that case, would deprive the party opposing it, the plaintiff, of its choice of forum -- an adversary proceeding in bankruptcy court. [In Re Simmons, *supra*, 847.] In its analysis of permissive abstention, the Simmons court recognized the fundamental rule that courts defer to a party's choice of forum. [In Re Simmons, *supra*, 848.]

It should be without dispute that prejudice to the involuntarily removed Plaintiff will inevitably follow if this proceeding is not remanded and Plaintiff is deprived of her choice of forum. Moreover, the specter of impermissible forum shopping is raised, and as an inevitable consequence of seeking to supplant one forum over another, prejudice to the involuntarily removed party will result. [See: Gabel v. Engra, Inc. (In re Engra, Inc.), 86 B.R. 890, 896-97 (S.D. Tex. 1988); O'Rourke v. Cairns, 129 B.R. 87, 91.]

**B.    State Law Issues**

Contrary to Defendants' characterization of the case, the predominant issues involved in this action are issues of State law.

    **1.    Professional Negligence**

Plaintiff contends that her negligence claim can be tried in State court and without interpretation of bankruptcy law.

As in any professional malpractice trial, the trier of fact does not require special knowledge. It will not require the special skills of the bankruptcy court. Rather, the rules of evidence allow expert witnesses to assist the trier of fact and testify as to the applicable standards of care. For example, a legal malpractice action involving a divorce action does not need to be tried in family court before a family law judge, nor is it.

Further, the issues that are actually in dispute in this case, do not even require an interpretation of bankruptcy laws. Rather, the trier of fact need only look to general ethical standards applicable to all fields of law regarding the sufficiency of an attorney's advice to a client on whether the risks of a certain course of action outweigh the potential benefits.

This is so because Defendants appear to contend that the issues raised by filing a bankruptcy with a reverse mortgage are "difficult and intricate" and involve "a novel question regarding reverse mortgages." [See: Defendants' Opposition, at page 7, lines 1-3.] If this point is undisputed, one need only address the issue of whether or not Plaintiff was sufficiently advised of what was at risk and what she stood to benefit. That is, assuming the action was a "novel question," was Plaintiff sufficiently advised whether the benefit of discharging $13,000 of consumer debt outweighed *any* risk, whether great or small, of losing one's house and income.[1]

---

[1] In their opposition papers, Defendants mischaracterize the true nature of the outcome of the adversary proceeding. They state "the Court ruled in favor of [Plaintiff]" and awarded her "[d]amages in the way of attorneys fees, costs and sanctions." The damages were $3,000. The Defendants fail to describe with any particularity that the Court also ruled *against* Plaintiff on the larger issues relating to her declaratory and injunctive relief actions leading to the loss of a significant amount of Plaintiff's monthly income from the reverse mortgage and the loss of her home as a result of a forced sale due to the fact that she filed bankruptcy.

At this stage in the litigation, this appears to be the central issue of Plaintiff's negligence cause of action and, thus, the interpretation of bankruptcy law is unnecessary.

There are no compelling reasons why the action, the resolution of which is based on state law and which involves little or no issues of bankruptcy law, is not better adjudicated in the state court where it was initially filed. (See Baxter Healthcare Corp. v. Hemex Liquidation Trust, 132 B.R. 863, 868.)

### 2. Fraud and Breach of Fiduciary Duty

Apparently conceding that Plaintiff's causes of action for fraud and breach of fiduciary duty involve state law issues, defendants argue that these causes are nonetheless interrelated and tied to the negligence cause of action which they argue requires interpretation of bankruptcy law. Thus, they argue, all causes of action must be tried in bankruptcy court. Defendants argue that Plaintiff's causes of action for fraud and breach of fiduciary duty will fail if she cannot prove a breach of the standard of care. Defendants are incorrect. Plaintiff's causes of action for fraud and breach of fiduciary duty stand independent of her negligence claims.

Without any consideration of the standard of care or of bankruptcy practice, the trier of fact may independently find that defendants misrepresented to Plaintiff, as well as the public at large, their intent and ability to offer "credit counseling" and financial analysis to viewers responding to their advertisements. [See: Complaint, ¶¶ 23-33, previously attached as Exhibit A to Defendants' Notice of Removal.] In other words, without committing negligence during their bankruptcy representation, Defendants could still have defrauded Plaintiff. The trier of fact may find that Defendants' true intention was to obtain a large fee from those persons who respond to their ads and maximize the value of such fee to themselves by providing the same services to all clients, irrespective of whether such services were in Ms. MORICI's best interest. [See: Complaint, ¶ 23, attached as Exhibit A to Defendants' Notice of Removal.]

### C. Effect on Bankruptcy Estate

Defendants also argue in their opposition that the result of this lawsuit *"may affect the bankruptcy estate."* This argument is unavailing as all debts were discharged on October 8, 1998 and no creditors remain. While the case was reopened on June 1, 1999, for the purpose of

determining the adversary proceeding against Wilmington Savings Fund Society and resulted in an entry of judgment on the adversary complaint on April 11, 2000, this is not an instance where this court should remain involved to ensure equitable distributions to creditors. All that must be resolved are the State law causes of action between two parties who no longer have ties to this or any other bankruptcy forum.

Once again, even in In Re Simmons 205 B.R. 834, at 848 (W.D. Texas 1997), a case cited by Defendants, the Court recognized in its analysis of permissive abstention that: (1) the case was not brought during or in a period immediately following the filing of the bankruptcy, (2) the debtor's plan had already been confirmed and there was no longer a need for the court to remain involved to ensure equitable distributions to creditors, and (3) all that was to be resolved were the malpractice causes of action between two parties who no longer had any ties to the bankruptcy forum. The Simmons Court stated: "if these were all the relevant facts we had, we would be inclined to abstain under §1334(c)(1)." However, the Simmons Court went on to find that, in that particular case, because a recent change in Texas law effectively extinguished the plaintiffs' substantive rights under State law, abstention would *ipso facto* defeat the claim asserted by the plaintiff. Thus, the Court found that the "interests of justice" mandate that it retain the claims which it had "arising in" jurisdiction and, on that basis, denied the motion to abstain. [See: In Re Simmons *supra*, 847-849.]

Unlike the facts of Simmons, in the present case, Plaintiff's State court action will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. Given the facts as set forth herein and in Plaintiff's moving papers, and given the deference which should be afforded to a party's choice of forum, the "interests of justice" mandate that this Court abstain and remand these claims.

Defendants also cite In Re Alvarez 200 B.R. 259 (M.D. Fla. 1996) for the proposition that abstention should be denied because the outcome of this lawsuit will have an effect on the administration of the bankruptcy estate. However, in Alvarez, while the Chapter 7 case was "almost completely administered," the Trustee had not yet filed her Motion for an entry of a Final Decree to close the estate. [In Re Alvarez, *supra*, at 259-260.] Recognizing this fact, the Court in

Alvarez found that, if the suit is successful, it "would enhance the recovery for Alvarez' Creditors and would have a definite impact on the administration of the estate." [In Re Alvarez, *supra*, at 262.]

Unlike the facts of Alvarez, in the present case, Plaintiff's estate was closed and all debts were discharged on October 8, 1998. In short, there are no creditors and there remains no estate to be administered by the bankruptcy court.

## IV.

## CONCLUSION

For the above-stated reasons and the reasons set forth in Plaintiff's moving papers, ELAINE M. MORICI, respectfully requests that the case be remanded to the California Superior Court for the County of San Diego; and for such other and further relief as may be just and proper. In the event this Court denies this motion, Plaintiff hereby demands a trial by jury.

NUGENT & NEWNHAM

DATED: September 29, 2000

BY: _____
Matthew C. Kilman,
Attorneys for Plaintiff
ELAINE MORICI

PROOF OF SERVICE

ELAINE M. MORICI v. ROBERT L. GORDON, etc., et al.

United States Bankruptcy Court Case No. 00-90516-AD-M7

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is that of Nugent & Newnham, 1010 Second Avenue, Suite 2200, San Diego, California 92101. I am readily familiar with the business practices of Nugent & Newnham for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence will be deposited with the United States Postal Service on the same day of collection and processing by Nugent & Newnham in the ordinary course of business.

On September 29, 2000 I served the foregoing documents described as: MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION TO ABSTAIN AND REMAND STATE COURT ACTION on the parties in this action by facsimile pursuant to prior agreement of the parties, sending facsimile number (619) 238-0465 as follows:

DON C BURNS ESQ               FACSIMILE NUMBER:
MARK A BUSH ESQ               (619) 624-0098
BURNS & BUSH

The documents were transmitted by facsimile transmission and the transmission was reported as complete without error. The attached Memory Transmission Report was properly issued by the transmitting facsimile machine;

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

DON C BURNS ESQ
MARK A BUSH ESQ
BURNS & BUSH
3550 CAMINO DEL RIO NO STE 202
SAN DIEGO CA 92108

I caused such envelope to be sealed and placed for collection and mailing in the United States mail with postage thereon fully prepaid in accordance with the ordinary business practices of Nugent & Newnham.

Executed on September 29, 2000 at San Diego, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

SONJA L. JOHNSON

```
                    ********************
                    ***  TX REPORT   ***
                    ********************

TRANSMISSION OK

TX/RX NO                    4955
CONNECTION TEL                              6240098
SUBADDRESS
CONNECTION ID
ST. TIME                    09/29 13:31
USAGE T                     04'17
PGS.                        8
RESULT                      OK
```

## NUGENT & NEWNHAM
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2200
1010 SECOND AVENUE
SAN DIEGO, CALIFORNIA 92101-4911
TELEPHONE (619) 236-1323

**FAX (619) 238-0465**

## FAX TRANSMITTAL MEMO

> THIS FACSIMILE AND THE INFORMATION IT CONTAINS
> IS INTENDED TO BE A CONFIDENTIAL COMMUNICATION
> ONLY TO THE PERSON OR ENTITY TO WHOM IT IS ADDRESSED.
> IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR,
> PLEASE NOTIFY US BY TELEPHONE AND RETURN THE
> ORIGINAL FAX TO THIS OFFICE BY MAIL

*DATE:* September 29, 2000

*TO:* DON C. BURNS, ESQ.
MARK A. BUSH, ESQ.
BURNS & BUSH

*FAX NUMBER:* (619) 624-0098

*FROM:* PATRICK M. SMITH, ESQ.
MATTHEW C. KILMAN, ESQ.

*RE:* Morici v. Gordon, et al.

**NUGENT & NEWNHAM**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2200
1010 SECOND AVENUE
SAN DIEGO, CALIFORNIA 92101-4911
TELEPHONE (619) 236-1323

FAX (619) 238-0465

**FAX TRANSMITTAL MEMO**

> THIS FACSIMILE AND THE INFORMATION IT CONTAINS
> IS INTENDED TO BE A CONFIDENTIAL COMMUNICATION
> ONLY TO THE PERSON OR ENTITY TO WHOM IT IS ADDRESSED.
> IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR,
> PLEASE NOTIFY US BY TELEPHONE AND RETURN THE
> ORIGINAL FAX TO THIS OFFICE BY MAIL

*DATE:* September 29, 2000

*TO:* DON C. BURNS, ESQ.
MARK A. BUSH, ESQ.
BURNS & BUSH

*FAX NUMBER:* (619) 624-0098

*FROM:* PATRICK M. SMITH, ESQ.
MATTHEW C. KILMAN, ESQ.

*RE:* Morici v. Gordon, et al.
US Bankruptcy Court Case No. 00-90516-AD-M7

*REQUESTED ACTION:* Pursuant to our telephone conversation, as agreed, faxed herewith is Plaintiff's Memorandum of Points and Authorities in <u>Reply</u> to Opposition to Motion to Abstain and Remand State Court Action which is being sent by first class mail today.

*NUMBER OF PAGES:* - 8- (Including This Page)

*If you do not receive all pages, please call (619) 236-1323 and ask to speak with Sonja.*